UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RIKIN PATEL,<br><br>                   Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE,<br><br>                  Defendants. | Civ. No. 17-13366 (KM/MAH)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Rikin Patel, *pro se*, brings this Complaint ("Cplt.", DE 1) against the Internal Revenue Service ("IRS").[1] He seeks a refund in the amount of $4,171 for federal income tax withholding allegedly overpaid for the 2011 tax year. The IRS has moved to dismiss the complaint for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), arguing that the plaintiff's refund claim and this action were filed outside of applicable jurisdictional time limits.

### I. BACKGROUND

Taxes were withheld from Mr. Patel's pay in the year 2011. In his tax return for the year 2011, he claimed that he overpaid his 2011 taxes in the amount of $4171.00, and sought a refund.

Mr. Patel concededly did not file his 2011 tax return on the usual due date of April 15, 2012; he filed it on October 8, 2015. The IRS states that the return, when considered as a refund claim, was filed too late. Mr. Patel claims that he filed for an extension of time, but the IRS has no record of it.

---

[1] The parties agree that the United States, not the IRS, is technically the proper defendant. *See* 26 U.S.C. § 7422(f)(1). I will direct the clerk to amend the caption.

1

On December 17, 2015, the IRS issued a Notice of Claim Disallowance. The Notice informed Mr. Patel that he could file an administrative appeal within the IRS or file suit in federal court within two years after the date of the Notice. The complaint in this action was filed by the clerk on December 20, 2017, three days past the two-year deadline stated in the Notice.

## II. LEGAL STANDARD

Rule 12(b)(1), Fed. R. Civ. P., provides for the dismissal of a complaint for lack of subject matter jurisdiction.

> The burden of establishing federal jurisdiction rests with the party asserting its existence. [citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3, 126 S. Ct. 1854, 164 L.Ed.2d 589 (2006).] "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." [citing *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).] A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" [citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (alterations in original) (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007)).]
>
> "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." [citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).] By contrast, in reviewing a factual attack, "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." [citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) (citations omitted).]

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (footnotes omitted; case citations in footnotes inserted in text).

2

## III. DISCUSSION

A tax refund suit, like this one, is properly brought against the United States under 28 U.S.C. § 1346(a)(1). The court has may entertain such an action, however, only to the extent and under the conditions that the United States has waived its sovereign immunity. Such a waiver must be clear, and it is a prerequisite to this Court's subject-matter jurisdiction. *See Lane v. Pena*, 518 U.S. 187, 192 (1996); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992); *FDCI v. Meyer*, 510 U.S. 471, 475 (1994). Here, the United States has placed conditions on its waiver of sovereign immunity in the form of time limits. Unless those conditions are satisfied, this action cannot proceed.

### A. Timeliness of suit

A district court action for refund, like this one, must be filed within "2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a)(1).[2]

---

[2] I simplify. The full text is as follows:

(a) Suits by taxpayers for refund

(1) General rule

No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

(2) Extension of time

The 2-year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary.

(3) Waiver of notice of disallowance

If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2-year period prescribed in paragraph (1) shall begin on the date such waiver is filed.

26 U.S.C. § 6532(a).

3

On December 17, 2015, the IRS issued and sent by certified mail a Notice of Claim Disallowance. (Franco Dec. ¶ 8, DE 11-2; DE 11-3) That Notice informed Mr. Patel that he could file an administrative appeal within the IRS, or else file suit in federal court within two years after the date of the Notice. (DE 11-3 p.4) The complaint in this action, however, was received and stamped by the court clerk on December 20, 2017 – three days after the two-year deadline had expired. (DE 1; *see also* clerk's letter, DE 2.)[3]

Mr. Patel credibly maintains that he mailed the complaint to the clerk's office on December 15, 2017, two days *before* the deadline expired. (*See* USPS mailing receipt, stamped 12/15/17, DE 15-1 at 5) That fact, however, is not significant in itself. The date of receipt by the clerk, not the date of mailing, is the operative one for these purposes:

> A "civil action is commenced by filing a complaint with the court," Fed. R. Civ. P. 3, and "filing by mail is not complete until the complaint is delivered to an officer of the court who is authorized to receive it," *Wiss v. Weinberger*, 415 F. Supp. 293, 294 n.3 (E.D. Pa. 1976).

*Marty v. Berryhill*, No. 5:17-CV-03673, 2018 WL 1790343, at *3 (E.D. Pa. Apr. 13, 2018); *accord Malloy v. Nat'l R.R. Passenger Corp.*, Civ. No. 90-1434, 1990 WL 163243, at *4 (D.N.J. Oct. 23, 1990) ("Filing a complaint by mail is complete when received by the clerk"); *McIntosh v. Antonio*, 71 F.3d 29, 36 (1st Cir. 1995).

One may sympathize with the plaintiff here. The § 6532(a)(1) deadline, however, is a rigid one; it is not subject to equitable tolling on sympathetic or other grounds. *See RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1462 (Fed. Cir. 1998); *cf. United States v. Brockamp*, 519 U.S. 347, 348, 117 S.Ct. 849 (1997) (analogous statute of limitations in 26 U.S.C. § 6511 not subject to equitable tolling).

---

[3] This gives Mr. Patel the benefit of the doubt. Because he did not pay the required filing fee until January 31, 2018, actual filing of the complaint did not occur until February 13, 2018.

4

Mr. Patel offers evidence which he says establishes that the clerk must have actually received his complaint within two days after he mailed it. Attached to his surreply papers is a "Price calculator" printout from the USPS website. It self-evidently does not relate to the mailing of the complaint; the date is May 1 [year unspecified, but presumably 2019]. This printout states that "Expected Delivery Day from WEST NEW YORK NJ 07093 to NEWARK NJ 07101 (Zone 1) is Fri, May 3." (DE 17 p.4) This, however, is no more than an estimated delivery date regarding another package at some other time. The package referred to in the USPS printout, moreover, was hypothesized to be mailed on a Wednesday in May, for estimated delivery on Friday.[4] The complaint in this case, by contrast, was mailed on a Friday at the height of the December holiday season, with a weekend intervening.

This evidence, then, is equivocal and indirect at best. The clerk's stamp is conclusive evidence of the date of receipt, and this USPS printout does not suffice to raise a question of fact on this jurisdictional issue. As to the filing of the complaint within the 2-year § 6532(a)(1) deadline, then, the Rule 12(b)(1) motion to dismiss is granted.

### B. Refund claim

The government also disputes the timeliness of the refund claim. Because there are sufficient other grounds to dismiss, I discuss it briefly.

Setting aside some complications, Mr. Patel argues that the refund claim was timely because it was filed within three years after the six-month extension of his deadline to file his 2011 tax return. 26 U.S.C. § 6511(a) and (b)(2)(A).[5]

---

[4] I cannot help observing, by the way, that the envelope accompanying this surreply is *actually* postmarked for the following Wednesday, May 8, 2019. The clerk's stamp shows that it was *actually* received by the clerk, not on Friday, May 10, but on Wednesday, May 15, 2019. So an actual mailing at about the same time as the estimate was actually two days slower than the December 2015 mailing of the complaint. Thus the plaintiff's evidence substantially undercuts itself. Because the plaintiff appears *pro se,* I have set aside the requirement that evidence be properly sponsored by affidavit.

[5] The IRS concedes that Mr. Patel's filing of his 2011 tax return, seeking a refund, may be deemed a prior "refund claim" for these purposes. *See* 26 C.F.R. §

5

Mr. Patel's tax return was due on April 15, 2012. He claims, however, that he sought a six-month extension (of which the IRS has no record), which would have extended the date until October 15, 2012. By that reckoning, October 8, 2015, the date he finally filed the refund claim/tax return, is just within the three-year period. See 26 U.S.C. § 6511(b)(2)(A) (for the 3-year period, recovery limited to amounts paid in the "3 years plus the period of any extension of time for filing the return." See 26 U.S.C. § 6511(b)(2)(A).[6]

The government does not tarry over the legal theory; it simply does not apply, says the government, because Mr. Patel did not in fact obtain a six-month extension of his time to file his 2011 return. In support of the claim that he didn't, the government proffers the fact that its records contain no such entry. In support of the claim that he did, Mr. Patel proffers a copy of a Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return. (DE 15-1 at 2) His papers refer to a time stamp showing the mailing date, though I am unable to discern it. Still, this is a copy of a 2011 form and he claims to have mailed it.

The issue of the six-month extension, then, would potentially require an evidentiary hearing.

---

301.6402-3(a)(5); *Bell v. United States*, Civ. No. 74-1302, 1975 WL 645, at *3 (D.N.J. June 30, 1975).

An alternative § 6511(a) deadline, running 2 years from the date the tax was paid, does not help Mr. Patel. Tax withheld during calendar year 2011 is deemed "paid" as of April 15, 2012. 26 U.S.C. § 6513(b)(1) (withheld tax deemed paid on "the 15th day of the fourth month following the close of [the] taxable year"). But the refund claim (*i.e.*, the 2011 tax return) was not filed until over over three years later, on October 8, 2015.

[6]

> Limit where claim filed within 3-year period. --If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

26 U.S.C. § 6511(b)(2)(A).

6

## IV. CONCLUSION

The motion of the United States to dismiss the Complaint on jurisdictional grounds is granted solely on the basis of the failure to file the complaint within the 2-year § 6532(a)(1) deadline. The clerk shall close the file. An appropriate order accompanies this opinion.

Dated: July 29, 2019

**KEVIN MCNULTY**
**United States District Judge**